UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21330-BLOOM/Otazo-Reyes

ADRIENNE A. VAN TONGERLOO,

    Plaintiff,

v.

USHER MARINE SERVICES, LLC;
FLEET MIAMI, LLC; and M/Y
MYSTIQUE, *in rem*,

    Defendants.
_____/

**ORDER ON MOTION FOR ISSUANCE OF WARRANT OF ARREST *IN REM***

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Issuance of Warrant of Arrest *In Rem*, ECF No. [11] ("Motion"). The Motion requests that this Court issue a warrant of arrest *in rem*, pursuant to Rule C of the Supplemental Admiralty and Maritime Claims, stating that:

> The Verified Complaint sets forth a claim for enforcement of a maritime lien for unpaid wages and now seeks the arrest of the Defendant vessel, M/Y MYSTIQUE, a 2004 87'5" Warren Yachts recreational vessel, her boats, engines, generators, tackle, rigging, apparel, furniture, furnishings, equipment, contents and appurtenances, etc., *in rem*, inasmuch as the Plaintiff has set forth therein a *prima facie* showing that an action *in rem* exists, in that said Defendant is indebted to the Plaintiff as set forth in the Verified Complaint, that said action supports a Warrant of Arrest of the M/Y MYSTIQUE, a 2004 87'5" Warren Yachts recreational vessel, her boats, engines, generators, tackle, rigging, apparel, furniture, furnishings, equipment, contents and appurtenances, etc., *in rem*, and said vessel is currently within the Southern District of Florida.

*Id.* at 1.

With regard to arrest warrants for *in rem* actions, Rule C states that courts "must review the complaint and any supporting papers. If the conditions for an in rem action appear to exist, the court must issue an order directing the clerk to issue a warrant for the arrest of the vessel or other property that is the subject of the action." Fed. R. Civ. P. Supp. R. C(3)(a)(i). Plaintiff's Verified

Amended Complaint, ECF No. [12] ("Amended Complaint"),[1] asserts three counts of unpaid seaman's wages. Counts I and II assert individual claims *in personam* for seaman's penalty wages pursuant to 46 U.S.C. § 10313(f), (g)(1) against Defendants Usher Marine Services, LLC and Fleet Miami, LLC—both of which are entities "engaged in the operation and management of private yachts on navigable waters"—for unpaid tips owed to Plaintiff. ECF No. [12] ¶¶ 3-4.[2] Count III further asserts an *in rem* claim for seaman's wages against M/Y MYSTIQUE, asserting that "Plaintiff is entitled to an *in rem* maritime lien against the M/Y MYSTIQUE, for work she performed onboard the vessel, for unpaid gratuity wages and for penalty wages." *Id.* ¶ 26. Although Count III does not assert any legal basis for the requested maritime lien, Plaintiff seeks the same amount of damages in Count III as she does for seaman's penalty wages in Counts I and II. *See* Fed. R. Civ. P. Supp. R. C(1) ("Except as otherwise provided by law a party who may proceed in rem may also, or in the alternative, proceed in personam against any person who may be liable.").

Upon review of the Amended Complaint, the Court finds that Plaintiff has failed to establish a basis for an action *in rem*. In particular, the claims asserted in Plaintiff's Amended Complaint are based upon unpaid wages for Plaintiff's steward services pursuant to 46 U.S.C. § 10313(f), (g)(1). Critically, however, 46 U.S.C. § 10313(h) states that "[s]ubsections (f) and (g) of this section do not apply to a fishing or whaling vessel *or a yacht*." 46 U.S.C. § 10313(h). As such, the Court concludes that the conditions for an *in rem* action do not appear to exist and a warrant for the arrest of the vessel is not appropriate in this case.

---

[1] Although the Amended Complaint was filed after the instant Motion, the Court will base its analysis on the Amended Complaint as it is the operative pleading in this matter.

[2] The Amended Complaint alleges that Plaintiff served as a steward onboard the M/Y MYSTIQUE for a charter voyage, and explains that "[t]ips to crewmembers on charter voyages are an expected and customary part of wages for work on Defendants' vessels, including M/Y MYSTIQUE, and in the yachting industry." ECF No. [12] ¶ 9.

Case No. 21-cv-21330-BLOOM/Otazo-Reyes

Accordingly, it is **ORDERED AND ADJUDGED** Plaintiff's Motion for Issuance of Warrant of Arrest *In Rem*, **ECF No. [11]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 19, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record